1  WO
2
3
4
5
6      **IN THE UNITED STATES DISTRICT COURT**
7      **FOR THE DISTRICT OF ARIZONA**
8
9  Shawna Ross,                        No. CV-16-1292-PHX-DJH (DMF)
10              Plaintiff,
                                       **REPORT AND RECOMMENDATION**
11  v.
12  Glendale Police Department, et al.,
13              Defendants.
14
15  TO THE HONORABLE DIANE J. HUMETEWA, U.S. DISTRICT JUDGE:
16      Before the Court is Plaintiff's Motion to File Amended Complaint (Doc. 26) and
17  associated lodged proposed Second Amended Complaint ("SAC") (Doc. 26-1).
18  Remaining Defendant Joseph Faranda responded in opposition to the Motion (Doc. 27),
19  after which the other remaining Defendant, Jim Carlo, filed a joinder to Faranda's
20  response, and asked that the joinder serve as his response to Plaintiff's motion (Doc. 28).
21  Accordingly, Faranda's response is considered the position of both Defendants. Plaintiff
22  did not file a reply to Defendants' response.
23      This matter is before the undersigned on referral from the District Judge. The
24  Court has a continuing obligation to screen complaints brought by prisoners seeking
25  relief against an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).
26  The screening requirement extends to proposed amended complaints. Because a
27  magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner
28

petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

## I. BACKGROUND

On February 2, 2016, Plaintiff filed her original Complaint in Maricopa County Superior Court, designating the action as one of "wrongful death/excessive force" for the February 6, 2014 shooting death of Plaintiff's husband, Stephen Wayne Ross by "Glendale Police." (Doc. 1-1 at 13, 16) Defendant Faranda, a Deputy United States Marshal ("DUSM"), removed the case to this Court, asserting that removal was proper because he was being sued for actions taken while he was acting under the color of federal law. (Doc. 1 at 2) The Court found that removal was appropriate under 28 U.S.C. § 1442(a)(1). (Doc. 6 at 2) The Court dismissed Plaintiff's Complaint for failure to comply with Local Rule of Civil Procedure 3.4, and gave Plaintiff leave to file an amended complaint. (*Id*. at 3-5) On June 6, 2016, Plaintiff filed a First Amended Complaint (FAC), asserting one count of "excessive force by an officer" under the Eighth Amendment against Glendale Police Department Detective Jim Carlo and DUSM Faranda. (Doc. 7 at 3)

Relevant facts Plaintiff alleged in her FAC included the following. On February 6, 2014, Defendant Carlo entered a grocery store parking lot "with the intention of apprehending and arresting Michael Ross," Stephen Ross's twin brother. (*Id*. at 4, 6) Detective Carlo, who was accompanied by approximately seven unmarked law enforcement vehicles, planned to conduct a "vehicle containment" of the "suspect's" vehicle by placing his vehicle in front of Ross's car and also positioning Detective Anderson's vehicle behind Ross's car. (*Id*. at 4) Once they were in position, Carlo gave the command to "execute, execute, execute." (*Id*. at 5) While Detectives Carlo and Anderson were blocking Ross's vehicle with their front bumpers, the suspect's vehicle "rammed" Carlo's vehicle. (*Id*.) Detective Carlo alleges he saw the suspect driver reach for a gun, and so Carlo drew his gun and shot at the individual through the windshield. (*Id*.) DUSM Faranda fired a shot into the front passenger

door of the vehicle. (*Id.* at 6) The individual in the vehicle sustained 15 gunshot wounds. (*Id.*) After the individual was transported to the hospital and pronounced dead, he was identified as Plaintiff's husband, Stephen Ross, not as his twin brother Michael. (*Id.*)

Upon screening pursuant to 28 U.S.C. § 1915A(a), this Court determined that Plaintiff stated a Fourteenth Amendment due process claim against Detective Carlo and DUSM Faranda, and directed them to answer the claim. (Doc. 8 at 5) The Court also found that the substantive due process right in the companionship of a parent or child found in 42 U.S.C. § 1983 cases arguably applied to the loss of a spousal relationship alleged in this case. (*Id.* at 5-6.) Insofar as Plaintiff was attempting to allege a Fourth Amendment claim of excessive force by police in the course of an arrest, the Court dismissed that claim because Plaintiff did not allege facts to support that she was entitled to bring a survival action under Arizona state law. (*Id.* at 3-5, 7) Defendants then moved to dismiss on the bases of qualified immunity and failure to state a claim. (Docs. 15, 17) The Court denied Defendant Faranda's motion, in which Defendant Carlo had joined. (Doc. 24)

## II. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

In her motion, Plaintiff seeks to add seven additional plaintiffs, as follows: (1) Stephen Ross's parents, Gary Ross and Marilyn Ross (alleging loss of parental relations); (2) Stephen Ross's children, Stephanie Ross, Skylar Ross, and Sebastian Ross (alleging loss of paternal relations); and (3) Stephen Ross's brothers, Michael Ross and Jon Ross (alleging loss of sibling relations). (Doc. 26-1 at 3) Plaintiff alleges for herself the loss of spousal relationship "as the executor and wife of Stephen Ross." (*Id.*) The motion also provides "additional details of [the] incident that resulted in the death of Stephen Ross." (Doc. 26 at 1)

For the reasons provided below, the Magistrate Judge recommends that Plaintiff's motion to add plaintiffs and to assert any claim(s) on her own behalf as personal representative of Mr. Ross's estate should be denied as futile.

## III. STANDARD FOR DECIDING A MOTION TO AMEND

Federal Rule of Civil Procedure 15 governs amendments to pleadings generally. Except when an amendment is pleaded as a "matter of course," as defined by the rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts must "freely give leave when justice so requires." *Id.* Requests for leave are generally granted with "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted). However, granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) (citation omitted).

The Prison Litigation Reform Act requires dismissal of allegations that fail to state a claim upon which relief can be granted prior to ordering service of an amended complaint on the added defendants. 42 U.S.C. § 1997e(c)(1); *see, e.g., O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Futility of amendment is sufficient to justify denial of a motion for leave to amend. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). A proposed amended complaint is futile if it would be immediately "subject to dismissal" pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief may be granted, accepting all of the facts alleged as true. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). In screening complaints, the Court must liberally construe an incarcerated *pro se* plaintiff's complaint. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## IV. DISCUSSION

Defendants argue that Plaintiff's desire to add other plaintiffs is futile because: (1) constitutional claims may not be asserted vicariously; (2) the proposed claims of the additional plaintiffs are untimely; and (3) such claims do not relate back to the date of the original complaint. (Doc. 27 at 2-6) Defendants further contend that Plaintiff's survival claim asserted as Ross's widow and the purported executor of his estate fails because she has failed to substantiate she is the personal representative of his estate. (Doc. 26-1 at 10)

## A. Vicarious assertion of substantive due process claims

In the proposed SAC, Plaintiff does not identify her relationship to Stephen Ross's children, Stephanie Ross, Skylar Ross, and Sebastian Ross, and also does not assert whether they are minors or adults. Moreover, Plaintiff filed the SAC as a *pro se* litigant. The Ninth Circuit has instructed that "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997 (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). This prohibition extends to the ability of "a parent or guardian . . . [attempting to] bring an action on behalf of a minor child without retaining a lawyer." *Id.* Further, the Ninth Circuit holds that constitutional rights are "personal" in nature and "cannot be asserted vicariously." *Id.* (citing *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990)).

Because Plaintiff's proposed SAC seeks to add constitutional claims by a *pro se* party on behalf of the proposed additional plaintiffs, the SAC in these respects is futile and subject to dismissal.

## B. No cause of action for loss of a sibling relationship

Defendants argue that the claims asserted on behalf of proposed additional plaintiffs Michael Ross and Jon Ross, who are alleged to be the brothers of Stephen Ross, fail to state a claim on which this Court may grant relief and are thus futile. In her SAC, Plaintiff alleges a violation of the Fourteenth Amendment rights of Michael Ross and Jon Ross to "sibling relations" arising from the claim of excessive force by an officer. (Doc. 26-1 at 3) Addressing an issue of first impression, the Ninth Circuit has held that siblings do not "possess a cognizable liberty interest in their brother's companionship . . . ." *Ward v. City of San Jose*, 967 F.2d 280, 283-84 (9th Cir. 1991). Defendants are also correct that Arizona's wrongful death statute does not identify siblings as proper statutory beneficiaries in a wrongful death action. *See* A.R.S. § 12-612(A) ("An action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive,

on behalf of the decedent's estate.")  The proposed claims of Michael Ross and Jon Ross are not cognizable in this action and are subject to dismissal as futile on this additional basis.

### C. Timeliness of claims asserted in the proposed SAC

Defendants correctly argue that the claims Plaintiff asserts in the SAC as to all non-minor potential additional plaintiffs are time-barred.  A claim asserted pursuant to 42 U.S.C. § 1983 accrues when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999).  However, Section 1983 lacks a statute of limitations, and so "federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state."  *Id.* at 991 (citing *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1987)). "The applicable Arizona statute of limitations for personal injuries provides a two-year limitations period." *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986) (citing A.R.S. § 12-542).  Stephen Ross died on February 6, 2014. (Doc. 7 at 4-6)  Accordingly, the two-year statute of limitations would facially have expired on February 6, 2016, more than a year prior to the filing of Plaintiff's proposed SAC, which was filed on July 3, 2017. (Doc. 26)  If all of the proposed additional plaintiffs are at least eighteen years old, the claims asserted on their behalf would be untimely.  If, however, any of the proposed additional plaintiffs are minors, the statute of limitations in Arizona would commence to run after such plaintiffs turned eighteen years old.  A.R.S. § 12-520.  As noted, Plaintiff does not that allege that any of Stephen Ross's children are minors.

### D. Relation back of claims asserted in the proposed SAC

Defendants argue that claims attributed to the proposed additional plaintiffs are untimely and do not qualify under the relation-back doctrine as having been filed on the date of the original complaint. (Doc. 27 at 4-6) Rule 15(c)(1), as amended, provides:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (2016). The Advisory Committee Note to the 1966 Amendment of Rule 15(c) states:

> [t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again, the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

Fed. R. Civ. P 15(c) advisory committee note.

The Ninth Circuit has explained that "[p]rior to the 1991 amendments to Federal Rule of Civil Procedure 15(c), this court held that the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to § 1983." *Butler v. Nat'l Cmty. Renaissance of Cal.* 766 F.3d 1191, 1198-99 (9th Cir. 2014) (citing *Merritt v. Cnty. of L.A.,* 875 F.2d 765, 768 (9th Cir. 1989) and *Cabrales v. Cnty. of L.A.,* 864 F.2d 1454, 1462-64 (9th Cir. 1988), *vacated on other grounds*, 490 U.S. 1087 (1989), *decision re-instated on remand*, 886 F.2d 235 (9th Cir. 1989). After the Supreme Court amended Rule 15(c) in 1991, this rule "incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient."

*Id.* at 1200. In other words, the court noted, "Rule 15(c)(1) requires us to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Id.* at 1201.

Addressing a circumstance, as here, where there was an effort to add plaintiffs, the Ninth Circuit instructed:

> [a]n amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff.

*Immigrant Assistance Project of the L.A. Cnty. Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 857 (9th Cir. 2002) (citations omitted).

Defendants argue that the motion to add plaintiffs to the action is not supported under the Arizona relation back rule because "no mistake has occurred that would justify the inclusion of the proposed additional plaintiffs." (Doc. 27 at 4-5) They assert that Plaintiff and the proposed additional plaintiffs knew of the existence and identities of the proposed plaintiffs before the statute of limitations expired, and that the failure to timely add these plaintiffs was a "tactical decision." (*Id.* at 5) Defendants do not appear to acknowledge the requirement for the court to consider the relation back provisions of both the State of Arizona and Rule 15(c), and then to apply the more permissive rule.

The Arizona relation back rule found in Arizona Rule of Civil Procedure 15(c) is "modeled" upon Federal Rule of Civil Procedure 15(c). *Tyman v. Hintz Concrete, Inc.*, 214 Ariz. 73, 74, 148 P.3d 1146, 1147 (Ariz. 2006). The issue respecting which of these two rules is more "permissive" is unclear, however, an unpublished opinion of this Court noted that "if anything, Arizona state courts interpret the phrase 'but for a mistake' less liberally than federal courts.'" *McGill v. Nat'l Specialty Ins. Co.*, CV 12-1671-PHX-DGC, 2013 WL 331256, at *3 (D. Ariz. Jan. 29, 2013).

Applying the Ninth Circuit's legal rubric noted in *Immigration Assistance Project* for relation back of an amendment to add a party under Federal Rule of Civil Procedure

15(c), the Magistrate Judge recommends a finding that: (1) the original complaint provided Defendants with adequate notice of the proposed plaintiffs' claims; (2) relation back of these claims would not unfairly prejudice the Defendants; and (3) there is identity of interests between Plaintiff and the proposed plaintiffs.

Defendants were adequately notified because the original complaint and Plaintiff's proposed SAC each asserted a count of excessive force by a police officer, and named the City of Glendale or the City of Glendale Police Department, Jim Carlo, and Joe Faranda as defendants. (Doc. 1-1 at 16, Doc. 26-1 at 3) *See also Immigration Assistance Project*, 306 F.3d at 857-58. Moreover, Defendants concede that "the operative event giving rise to the proposed second amended complaint is the same as the original complaint." (Doc. 27 at 6)

Defendants contend, apparently to support a claim that relation back of the SAC would subject them to unfair prejudice, that "the original complaint did not put Defendant Faranda on notice that additional individuals were alleging violations of their civil rights related to [Stephen Ross's] death . . . ." (*Id.*) However, where the original plaintiff and proposed new plaintiffs are "similarly situated," a defendant is not prejudiced by the addition of the new plaintiffs. *Immigration Assistance Project*, 306 F.3d at 858. Plaintiff and the proposed plaintiffs, each a close family member to Stephen Ross, are similarly situated. *See id. See also Tadesse v. Tungland Corp.*, No. CV-13-02440-PHX-NVW, 2014 WL 4755519, at *2 (D. Ariz., Sept. 24, 2014) (finding that "[g]iven the common factual allegations underlying their claims, [the original plaintiff and the new plaintiff], as husband and wife, are similarly situated.") Additionally, the relief sought in the original complaint and the SAC is identical. (Doc. 1-1 at 16, Doc. 26-1 at 6) "An amendment changing plaintiffs may relate back when the relief sought in the amended complaint is identical to that demanded originally. In such case, despite lack of notice, the defendant is not prejudiced because his response to the action requires no revision." *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982). *See also True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST, 2014 WL 2860318

at *3 (N.D. Cal. June 23, 2014) (finding no prejudice to defendant in action seeking to add a plaintiff and apply the relation back rule, noting that because "the relief [the additional plaintiff] seeks is the same sought by [the original plaintiff], [the defendant] will not be required to change its litigation strategy or conduct."). Because the relief sought by Plaintiff and the proposed plaintiffs is identical, Defendants fail to establish unfair prejudice.

Defendants also assert, without citation to authority, that "the interests of the proposed additional plaintiffs are not identical to Plaintiff's interests inasmuch as each individual is asserting separate violations of his or her personal rights." (Doc. 27 at 6) However, the Ninth Circuit has held that in some cases, where the original and additional plaintiffs are "'similarly situated,' the identity-of-interest requirement of 15(c) is also met." *Immigrant Assistance* Project, 306 F.3d at 858. The court reasoned that this applies where the "'circumstances giving rise to the claim remained the same [under the amended complaint] as under the original complaint.'" *Id.* (quoting *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982)). Those circumstances apply here as well.

Accordingly, under the Ninth Circuit case law discussed above, Plaintiff's motion to amend her complaint to add the proposed plaintiffs relates back to the date of the original pleading. However, as is concluded herein, the claims of additional plaintiffs are rendered futile on other grounds.

### E. Plaintiff's survival claim on behalf of the estate of Stephen Ross

Defendants note that Plaintiff appears to assert a survival claim on behalf of the estate of Stephen Ross, and argue that on the record, Plaintiff lacks standing and that this claim is accordingly futile. (Doc. 27 at 6-7) In the SAC, Plaintiff states, "Plaintiff Shawna Ross as the wife of Stephen Ross, since Nov. 27, 2003 and legal next of kin, has the legal ability to file on behalf of Stephen Ross as his executor. Stephen Ross did not have a will at the time of his death." (*Id.* at 9-10) However, as this Court noted in its July 20, 2016 screening order regarding Plaintiff's First Amended Complaint, "only the

personal representative of the decedent's estate has standing to bring a survival action pursuant to [Arizona's survival statute] Arizona Revised Statute § 14-3110." (Doc. 8 at 4) *See Lee v. Arizona*, No. CV-10-00066-PHX-GMS, 2010 WL 1948584 at *2-3 (D. Ariz. May 12, 2010) (where this Court took judicial notice of the docket in the decedent's probate case, which indicated no appointment of a personal representative, and found the plaintiff's statement that she had standing as the decedent's surviving spouse insufficient under Arizona law to bring a survival claim).

In Defendants' response to Plaintiff's motion to file a SAC, they urge this Court to take judicial notice that no probate action regarding Stephen Ross's estate has been initiated in Maricopa County Superior Court. (Doc. 27 at 7) Defendants provided the website links to the county probate court's on-line docket to enable a search for the names of both Stephen Ross and Shawna Ross. (*Id.*) Plaintiff did not file a reply to Faranda's response, and thus relinquished the opportunity to counter Defendant's arguments with substantiation, if any exists, of her status as Stephen Ross's personal representative. Because Plaintiff has not provided evidence to show that she is Mr. Ross's personal representative, the Magistrate Judge recommends that any survival claim asserted by Plaintiff on behalf of Ross's estate be denied.

## V. CONCLUSION

As noted, Plaintiff seeks to add as additional plaintiffs to this action Stephen Ross's parents, his three children, and his two brothers. She also appears to seek to add a claim on her own behalf as the purported executor of Mr. Ross's estate. Because she is proceeding *pro per*, Plaintiff is not permitted to bring claims on behalf of these proposed additional plaintiffs. Moreover, she is unable to assert any constitutional rights vicariously for the proposed additional plaintiffs. Additionally, the claims Plaintiff desires to assert on behalf of Mr. Ross's brothers for loss of a sibling relationship are not cognizable under either § 1983 or Arizona's wrongful death statute. Finally, Plaintiff has failed to substantiate she has standing to assert a survival claim on behalf of Mr. Ross's estate.

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's Motion to File Amended Complaint (Doc. 26) be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this report and recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 27th day of October, 2017.

_____
David K. Duncan
United States Magistrate Judge

*Magistrate Judge Duncan signing for Magistrate Judge Fine